IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, | )<br>)<br>)  2:06-cv-1215 |
| Plaintiff, | ) |
| v. | )<br>) |
| CHARLES JUSTES, | )<br>) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Before the Court for consideration and disposition is the MOTION FOR SUMMARY JUDGMENT *(Document No. 8)* filed by Plaintiff Safeco Insurance Company of America ("Safeco"). Defendant has filed a Brief in Opposition *(Document No. 16)* and the motion is ripe for resolution.

Factual Background

This case arose out of the tragic death of a twelve-year-old boy, Blake Justes, while snow tubing on a hill at Slippery Rock University. Marilyn Justes, Blake's mother, filed a lawsuit against the university in state court in her capacity as the administratrix of his estate. In response, Slippery Rock University filed a Complaint to Join Charles Justes, Blake's father, as an Additional Defendant, alleging a failure to supervise, to be cognizant of the warning on the snow tube and to take an initial ride himself.

The instant dispute concerns the Justes' homeowners insurance policy. Safeco seeks a

declaration that it has no duty to indemnify or defend Charles Justes for any claims asserted by Slippery Rock University due to the "Bodily Injury Exclusion" in the policy.  Currently, Safeco is providing a defense to the suit under a reservation of rights.

Legal Analysis

This case involves a pure question of interpretation of the policy language. Specifically, the coverage provision at issue states:

Section II - Liability Losses We Cover, **Coverage E -- Personal Liability**

> If a claim is made or a suit is brought against any **insured** for damages because of **bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies, we will: (1) pay up to our limit of liability for the damages for which the **insured** is legally liable; and (2) provide a defense at our expense by counsel of our choice even if the allegations are groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate.  Our duty to settle or defend ends when the amount we pay for damages resulting from the **occurrence** equals our limit of liability.  (emphasis in original);

The exclusion relied upon by Safeco, Section II - Liability Losses We Do Not Cover, Section 2 (the "Bodily Injury Exclusion"), provides:  "**Coverage E – Personal Liability** does not apply to ... (f) **bodily injury** to any **insured."**  (emphasis in original).

The term "**bodily injury**" is defined to mean "bodily harm, sickness or disease, including required care, loss of services and death resulting therefrom."  The term "**insured**" means "you and the following residents of your household: (a) your relatives; (b) any other person under the age of 21 who is in the care of any person named above."

Plaintiff contends that summary judgment is appropriate based on the unambiguous language of the policy.  Defendant makes two arguments in opposition to the motion for

2

summary judgment.  First, he contends that because his son died in the tubing accident, he was no longer within the definition of "relative" or "resident" for purposes of the Bodily Injury Exclusion.  Second, he contends that regardless of whether there may be an ultimate payout under the policy, Safeco has a duty to provide a defense.  The Court will address these arguments seriatim.

      1.      Whether the Bodily Injury Exclusion Applies

Defendant concedes that, until his death, Blake Justes was the son of Charles and Marilyn Justes, lived in their household, and was within the meaning of the terms "residents" and "relatives" as used in the policy.  However, Defendant argues that these terms are ambiguous in the context of the child's death and must be construed against the insurer.  The Court is not persuaded by this effort at legalistic hairsplitting.  A 12-year-old son who lives with his parents is clearly a member of their household and death does not change that familial status.  Indeed, the definition of the term "bodily injury" contemplates an incident resulting in death.  Thus, the Bodily Injury Exclusion applies, on its face, whenever an accident causes the death of a person who, when alive, was within the definition of an "insured."

Both sides cite to *Neil v. Allstate Ins. Co.*, 549 A.2d 1304 (Pa. Super. 1988), which involved a son who was struck by an automobile.  The Court concluded that the "household exclusion" was not void as against public policy.  Moreover, in its analysis, the Court noted that the household exclusion, which was very similar to the provision at issue in this case, was clear and that the terms "bodily injury," "insured person," "relative," "dependent," "resident" and "household" were defined in "unambiguous language." *Id.* at 1310.  In sum, the Bodily Injury Exclusion does apply to the facts of this case.

2.     Whether Safeco Has a Duty to Defend

Defendant's argument that Safeco owes a duty to defend is a much closer question. There is no doubt that the insurer's duty to defend is broader than its duty to indemnify. Moreover, Plaintiff cites two New York cases, *Allstate Ins. Co. v. Pestar*, 564 N.Y.S.2d 892 (N.Y. App. Div. 1990), and *Truax v. State Farm Ins. Co.*, 422 N.Y.S.2d 592 (N.Y. Sup. 1979) (also involving a sledding injury to insured's child), for the proposition that the bodily injury exclusion does not apply because "the liability at issue on the State's counterclaim is not the parents' liability to [the injured child] but rather the parents' potential liability to the State on a claim of equitable apportionment." *Pestar* 564 N.Y.S.2d at 892. Similarly, in *Truax* the Court explained: "While a direct claim by the [child] might well be barred by [the bodily injury exclusion], ... [t]he liability at issue in the declaratory action is not for injuries suffered by plaintiff's [child], but rather plaintiff's potential liability to third parties for negligence which may be apportioned against him."[1]

Safeco argues that the Bodily Injury Exclusion applies to both the duty to indemnify and the duty to defend the claim. In essence, Safeco argues that because the injury was suffered by the Justes' child, an "insured," Coverage E was never triggered. Thus, the Court need not distinguish between the scope of the duty to indemnify and the duty to defend. The Court agrees with Safeco.

---

[1] Defendant also contends that the allegations in Slippery Rock University's complaint extend far beyond a typical "failure to supervise" theory. The Court does not agree with this characterization of the complaint. Even assuming arguendo that such averments exist, the Court is loathe to permit such artful pleading to have a controlling effect on Safeco's duty to provide insurance coverage. The gravamen of the complaint is clearly that Charles Justes was negligent in allowing his son to ride the snow tube down the hill.

The relevant policy language at issue, after inserting the definitions of the defined terms, is as follows:

> Section II - Liability Losses We Cover, **Coverage E -- Personal Liability**
>
> If a claim is made or a suit is brought against **[you and the following residents of your household: (a) your relatives; (b) any other person under the age of 21 who is in the care of any person named above]** for damages because of **[bodily harm, sickness or disease, including required care, loss of services and death resulting therefrom]** ... caused by an **occurrence** to which this coverage applies, we will: (1) pay up to our limit of liability for the damages for which **[you and the following residents of your household: (a) your relatives; (b) any other person under the age of 21 who is in the care of any person named above]** is legally liable; and (2) provide a defense at our expense by counsel of our choice even if the allegations are groundless, false or fraudulent. ...
>
> Section II - Liability Losses We Do Not Cover
>
> 2. **Coverage E – Personal Liability** does not apply to ... (f) **[bodily harm, sickness or disease, including required care, loss of services and death resulting therefrom]** to **[you and the following residents of your household: (a) your relatives; (b) any other person under the age of 21 who is in the care of any person named above.]**

Applying this contractual language to the undisputed facts of this case, it is clear that most of the factors necessary to trigger Coverage E - Personal Liability are met. A suit was brought against Charles Justes, an insured. The suit was for damages. The suit was brought as a result of the bodily injury suffered by Blake in the snow tubing accident.[2] The parties do not dispute that the accident constituted an "occurrence." Safeco's duty to defend extends to claims that are groundless, false and fraudulent. However, there still must be "an occurrence to which this coverage applies."

---

[2]Defendant has not argued that Slippery Rock University's suit was "caused" by the filing of the initial complaint by Blake Justes' estate rather than the underlying accident. In any event, the Court concludes that policy coverage should be dictated by the real-life event rather than the legal procedure.

5

The Court concludes that the snow tubing accident was not such an occurrence. The "bodily injury exclusion" in Section 2(f) states that the "coverage" provided by Coverage E – Personal Liability does not apply when the bodily harm is to a member of the household. In other words, Coverage E is not triggered when the underlying bodily injury is suffered by an "insured." Instead, Coverage E triggers a duty to defend and indemnify by Safeco only when the bodily injury is suffered by some third party. Thus, Safeco is entitled to summary judgment.

The Court's conclusion is based on the plain language of the policy. The practice of appearing to provide expansive coverage in one section and then limiting that coverage by an exclusion in another section, further complicated by the extensive use of defined terms, makes comprehension difficult, particularly for a typical consumer of homeowners insurance.[3] However, the Court believes that the language at issue in this case is unambiguous once it has been thoroughly parsed. In *Neil*, 549 A.2d at 1304, the Pennsylvania Superior Court awarded summary judgment to an insurer that had refused to provide a defense in a case with similar facts and similar policy language.

---

[3] As one example, Coverage E states that Safeco will pay damages "for which the insured *is* liable" (emphasis added), thus implying that the term "insured" is singular, although the definition section clearly explains that the term "insured" is plural.

In accordance with the foregoing, it is hereby **ORDERED, ADJUDGED and DECREED** that the MOTION FOR SUMMARY JUDGMENT (*Document No. 8)* filed by Plaintiff Safeco Insurance Company of America is **GRANTED**.

SO ORDERED this 25th day of July, 2007.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc:     Jeannine L. Bertig, Esquire
        Email: GGPCdocketing@grogangraffam.com
        Leo G. Daly, Esquire
        Email: ldaly@grogangraffam.com

        Michael D. Simon, Esquire
        Email: MDSimon20@msn.com